GREENHELD v. MORRISON, Executor.

1. **Aliens:** DESCENT OF PERSONAL PROPERTY. The act respecting aliens, chapter 65, Laws of 1858 (Rev., 2488–2493), so far as it relates to personal property, is only declarative of the common law; and at common law aliens are capable of acquiring, holding and transmitting movable property in like manner as our own citizens.

*Appeal from Lee District Court.*

FRIDAY, DECEMBER 21.

THIS action originated in the County Court of Lee county. The plaintiff filed in said court his petition, claiming one-half of the personal estate, amounting to thirteen hundred dollars (after the payment of the debts and expenses of administration), of Robert Stanforth, deceased, of which estate the defendant, Morrison, is executor. The petitioner avers that he is an heir of said decedent by reason of the following facts : " Said Robert Stanforth was a native of England, and a resident of the county of Lee, State of Iowa, but had been, before his death, naturalized under the laws of the United States. He left no children nor widow, never having been married; he died on the        of September, 1864. At the date of his death, a brother's daughter (his brother having deceased), Fannie Stanforth, was the only relative by blood he had living in the United States. Petitioner shows that he was born in England, but became a resident of the United States on the 10th day of February, 1865, and of Iowa, on the 16th day of February, 1865. That, on the 5th day of May, 1865, he made his declaration of intention to become a citizen of the United States, before the clerk of the District Court of Lee county, Iowa; that he has, since the 16th day of February, 1865, been a resident of the State of Iowa. Petitioner shows that said

Fannie Stanforth and this petitioner are the only heirs of said decedent, Robert Stanforth, entitled to a distributive share of his estate."

To this petition the defendant demurred, because the facts stated in it did not show the plaintiff to be an heir and entitled to a distributive share of the estate. The County Court sustained the demurrer. The plaintiff appealed to the District Court, where the demurrer was overruled, and the defendant standing thereon, judgment was rendered for the plaintiff for one-half of the personal estate as claimed.

The defendant has appealed to this court.

*Grant & Smith, John Van Valkenbergh* and *Rankin & McCrary* for the appellant.

*J. M. Beck* for the appellee.

Cole, J.—The only question made by the demurrer is, as to the right and capacity of a non-resident alien to take

1. ALIENS: descent of personal property.

a distributive share of an intestate's estate in this State. No question need arise in the determination of this case, as to the construction of the act of 1858 (Rev., § 2488 to 2493), since, so far as that act relates to personal property, it is probably only declarative of the common law.

At the common law, aliens are capable of acquiring, holding and transmitting movable property, in like manner as our own citizens, and they can bring suits for the recovery of that property. 2 Kent's Com., 62. Aliens are not deprived of any of these rights by our statutes. The provision of our statute (Rev., § 2422), which provides that personal property " shall be distributed to the same persons and in the same proportion as though it were real estate," does not prevent aliens

from taking distributive shares of personal estate, although non-resident aliens might not take real estate by descent.

Our statute provides (Rev., § 2436), that the real estate of a decedent, subject to dower, &c., "shall descend in equal shares to his children." Yet if any of his children are non-resident aliens (aside from some other statute on the subject), such non-resident alien children would not take any portion, for that he would have no inheritable blood. In other words, both these sections, like all other statutes, are construed, in the light of and with reference to the common law relating to the same subject-matter.

Affirmed.